MARTÍNEZ, PETITIONER AND APPELLANT, v. MUNICIPAL JUDGE OF MAYAGÜEZ, RESPONDENT AND APPELLEE.

APPEAL from the District Court of Mayagüez in Certiorari Proceedings.

No. 2634.—Decided March 6, 1922.

UNLAWFUL DETAINER—CERTIORARI—APPEAL.—After judgment is entered against the defendant in an action of unlawful detainer he can not disregard the ordinary remedy by appeal for a reversal and elect that by certiorari because in his opinion the latter is more speedy and effective.

The facts are stated in the opinion.
*Mr. F. Otero Rivera* for the appellant.
*Mr. G. Altiery* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moves for the dismissal of this appeal on the ground that it is frivolous. In our opinion he is right.

An action of unlawful detainer was brought in the Municipal Court of Mayagüez. On December 6, 1921, judgment was entered sustaining the complaint and two days thereafter the defendant presented a petition in the district court asking that the said judgment be set aside. After hearing the parties the court denied the petition "because the petitioner has a sufficient, good and speedy remedy in an appeal from the judgment under sections 10 and 11 of the Unlawful Detainer Act and for that reason the writ should not be granted."

The appellant insists that the writ of certiorari was more speedy and effective. It may be admitted that it was more speedy and convenient, but that admission would have to be made in all cases and then the ordinary recourse to an appeal would be wholly substituted by the extraordinary certiorari proceeding. And that was by no means the intention of the legislators.

The appellant attempts to present the case as one wherein the municipal court acted without jurisdiction. From the record it appears that the action of unlawful detainer was based on the nonpayment of the rent. The parties were summoned for the first hearing prescribed by the law. The defendant appeared and demurred on the ground that another action was pending between the same parties for the same causes, and also filed an answer wherein he alleged that he had entered into a contract of lease with Genaro Balzac, the representative of the plaintiff, and had agreed with him that the sum of $12 which the plaintiff had in his possession to answer for the payment of the rent should be applied to the payment of the monthly rent due on October 25th, and that the defendant had deposited with the clerk of the court a like sum of $12 to cover the monthly rent due on November 25th. The complaint was filed on December 2, 1921, and it is alleged therein that the defendant had not paid the monthly rent due on October 25th and November 25th. At this juncture the plaintiff moved for judgment and the court rendered judgment without waiting for the second hearing.

Did the court in doing this act without jurisdiction? Is the judgment void for having been rendered in violation of the procedure prescribed by the statute? The question is worthy of consideration. Perhaps the court should have disposed of the question on its own merits, but at all events we do not see that it abused its discretion, and we have repeatedly held that the writ of certiorari is not a writ of right.

For the foregoing reasons the appeal must be dismissed as frivolous.

*Appeal dismissed.*

Justices Wolf, Aldrey and Hutchison concurred.